IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORNELIUS FLOWERS,

              Plaintiff,

v.

MEDICAL DIRECTORS (UNKNOWN),
NEW LISBON CORRECITONAL INST.,
MEDICAL DIRECTOR (UNKNOWN) AT
JACKSON CORRECTIONAL INST., and
NURSES (NAMES UNKNOWN) AT
NEW LISBON and JACKSON CORRECTIONAL
INSTITUTIONS,

              Defendants.

OPINION AND ORDER

18-cv-1045-wmc

---

*Pro se* plaintiff Cornelius Flowers, a prisoner currently incarcerated at Jackson Correctional Institution ("Jackson") filed this lawsuit pursuant to 42 U.S.C. § 1983. Flowers claims that defendants, the medical directors and nurses at the New Lisbon Correctional Institution ("NLCI") and Jackson, violated his constitutional and state law rights in prescribing him pain medications that eventually caused him kidney damage. Flowers' complaint is ready for screening as required by 28 U.S.C. § 1915A. After review, the court concludes that while Flowers may be able to articulate constitutional and state law claims, he will be required to amend his complaint to name a proper defendant or defendants and correct other deficiencies described in this order.

ALLEGATIONS OF FACT[1]

Plaintiff Cornelius Flowers is currently incarcerated at Jackson, but he begins his

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

complaint with an event that took place in 2007, when he was incarcerated at NLCI. At that time, he fell from his bunk and injured his back. Flowers alleges that a doctor prescribed him ibuprofen at that time, and he has been taking it "constantly" since 2007 because his back problems have persisted, and that includes since his transfer to Jackson in 2016.

In September 2018, Flowers underwent a routine blood screening, and the results showed that he developed a severe kidney problem, apparently attributable to his prolonged use of ibuprofen. At that time, a nurse told him that he would be taken off ibuprofen immediately, as he had irreversible kidney damage. Flowers is seeking monetary damages and for defendants to pay for a kidney transplant.

OPINION

While not explicit in his complaint, the court infers that plaintiff seeks to proceed against all of the defendants on Eighth Amendment deliberate indifference and Wisconsin negligence claims related to the damage caused by his overuse of ibuprofen. However, plaintiff has failed to identify a suable defendant in his complaint. It appears that plaintiff would like to proceed against all of the HSU staff at both Jackson and NLCI, but "[a] prison or department in a prison cannot be sued because it cannot accept service of the complaint." *Smith v. Knox Cty. Jail*, 666 F3d 1037, 1040 (7th Cir. 2012).

Even if the court were to construe plaintiff's labeling of the nurses and directors as Doe defendants that could be identified as this case proceeds, his complaint still requires dismissal since it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th

Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state an Eighth Amendment claim, plaintiff must allege facts supporting an inference that his medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures. Under Wisconsin law, the elements of a cause of action in negligence are: (1) a duty of care or a voluntary assumption of a duty on the part of the defendant; (2) a breach of the duty, which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 307 (1987).

To start, prolonged use of ibuprofen may create a risk of serious impairment such as heart, kidney or liver damage. *See* Ibuprofen (Oral Route), mayoclinic.org/drug-supplements/ibuprofen-oral-route/precautions/drg-20070602 (last visited Aug. 20, 2019). As such, "[b]lood and urine tests may be needed for unwanted effects." *Id*. This is particularly true for individuals with a known kidney condition. Yet plaintiff has not alleged facts

3

suggesting that he suffers from a condition that should have dissuaded health care professionals from allowing him unfettered access to ibuprofen for a long period of time. Assuming that plaintiff did not have a known kidney condition in 2007, the initial decision to prescribe plaintiff ibuprofen is not so obviously problematic to support a reasonable inference of deliberate indifference.

That said, it may be reasonable to infer that there was a point in time at which health care professionals (either at NLCI or Jackson) should have noticed that plaintiff had been taking ibuprofen non-stop for years, tested his kidney functioning, and prescribed or recommended a different pain medication. Indeed, since plaintiff alleges that he underwent a "routine" blood test in 2018, plaintiff may have undergone other similar blood tests since 2007 that may have alerted HSU staff that his kidneys may not have been functioning normally earlier. Or, at the very least, a physician's review of plaintiff's constant, years-long, use of ibuprofen should have alerted a health care professional that a change should be made. If plaintiff reported symptoms suggesting that he may have been experiencing kidney problems earlier and no one took steps to address them, this failure also may support a reasonable inference of negligence, and even possibly deliberate indifference. *See Olive v. Wexford Corp.*, 494 F. App'x 671, 672-73 (7th Cir. 2012) (reversing dismissal of claim against a doctor who prescribed a prisoner ibuprofen knowing that he had a peptic ulcer, since "a physician who *knows* that a potential treatment will make the prisoner worse off must not rely on that approach").

Unfortunately, plaintiff's complaint provides too few details about his medical history and who was involved in his course of treatment between 2007 and 2018 to support a reasonable inference that any individual may have had reason to believe that plaintiff's

4

continued use of ibuprofen posed a risk of his health.  Therefore, if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that (1) identifies a proper defendant and (2) provides additional allegations about who was involved in his long-term use of ibuprofen and whether he had a condition making use of that medication dangerous or presented with symptoms suggesting that he was suffering adverse side effects.

To identify a proper defendant, plaintiff should do his best to identify health care professionals who were involved in his care, and had reason to know that he had been taking ibuprofen for an inappropriate length of time and failed to take any steps to change his medication and/or intervene to ensure that his kidneys would not be harmed.  *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.").  Since it appears that plaintiff has been unable to identify the individuals involved in his treatment, he may amend his complaint and identify the defendant or defendant by the name "Jane Doe" or "John Doe" as appropriate.  Should plaintiff take that approach, the court will screen his complaint and plaintiff will then be afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendants.

To provide adequate factual allegations, plaintiff should take care to provide specific information about what he remembers about his course of treatment between 2007 and 2018. Further, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation.  This means that he should explain:  (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events.  Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements.  After he finishes drafting his amended

complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Cornelius Flowers' complaint is DISMISSED without prejudice for failure to identify a proper defendant and for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2. **Plaintiff may have until November 1, 2019, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983, and satisfies the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 11th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge