IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORNELIUS FLOWERS,

                Plaintiff,

v.

MEDICAL DIRECTORS, NEW LISBON
CORRECTIONAL INST.; MEDICAL DIRECTORS
(MS MASSEN) JACKSON CORRECTIONAL
INSTITUTION; NEW LISBON CORRECTIONAL
INSTITUTION; and JACKSON
CORRECTIONAL INSTITUTION,

                Defendants.

OPINION AND ORDER

18-cv-1045-wmc

---

*Pro se* plaintiff Cornelius Flowers, who is currently incarcerated at Jackson Correctional Institution ("Jackson"), filed this proposed civil action based on allegations that he received inadequate medical care while incarcerated at New Lisbon Correctional Center ("New Lisbon").  On October 11, 2019, this court issued an order explaining that Flowers' initial complaint did not name proper defendants and otherwise failed to state a claim, but giving him an opportunity to file an amended complaint.  (Dkt. #12.)  Flowers has taken that opportunity, and his proposed amendments (dkt. #13) are now ready for screening as required by 28 U.S.C. § 1915A.  Flowers, however, has still failed to name any proper defendant.  He will be permitted *one* more opportunity to cure the deficiencies in his complaint described below; if he fails to do so, he claims will be dismissed.

ALLEGATIONS OF FACT[1]

In his initial complaint, Flowers alleged that in 2007 he injured his back falling out of his bed, and that he was prescribed ibuprofen and had been taking it "constantly" until 2018. (Dkt. #1 at 4.) However, in his amended complaint, Flowers now alleges that it was in *2004* that he injured his back and was first put on ibuprofen. He further alleges that he was later taken off ibuprofen because he had gout and the doctor told him he had a problem with his kidney. However, about a month later, the same doctor apparently put him back on ibuprofen, even though Flowers reminded the doctor that he had been taken off the medication because it was affecting his kidney. Then, sometime between 2007 and 2008, Flowers was taken off ibuprofen "for good." (Dkt. #13 at 1.) During the periods that he was on ibuprofen, Flowers alleges that he also was taking three medications for high blood pressure.

When Flowers was transferred from New Lisbon to Jackson, a doctor informed him that his kidney was damaged, apparently because of his prolonged use of ibuprofen. Flowers has leukemia for which he undergoes regular blood tests, and apparently the kidney damage was revealed after one of these tests.

OPINION

The court infers that plaintiff in his amended complaint wishes to proceed against all defendants on Eighth Amendment deliberate indifference and Wisconsin state law

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

2

negligence claims related to the damage caused by his overuse of ibuprofen.

In his amended complaint, plaintiff names the medical directors at New Lisbon, the medical directors (including MS Massen) at Jackson, the New Lisbon Correctional Institution, and the Jackson Correctional Institution. However, once again plaintiff has not named a proper defendant. First, the two correctional institutions must be dismissed because "[a] prison or department in a prison cannot be sued because it cannot accept service of the complaint." *Smith v. Knox Cnty. Jail*, 666 F3d 1037, 1040 (7th Cir. 2012). Second, the medical director defendants, including MS Massen, must be dismissed because plaintiff has not included any allegations that would suggest that they were personally involved in the events described in the complaint, or even aware of them. Plaintiff's Eighth Amendment claim is necessarily brought under 42 U.S.C. § 1983 which "requires personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010); *see also Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role over others).[2] Recognizing that plaintiff may not be able to specifically identify the names of the individuals personally involved in his treatment, he may file an amended complaint identifying the defendant doctor by the name "Jane Doe" or "John Doe" as appropriate. If plaintiff takes this approach, the court will screen his complaint and he may later be

---

[2] Supervisory liability may be available for plaintiff's negligence claim. *See Shannon v. City of Milwaukee*, 94 Wis. 2d 364, 370, 289 N.W.2d 564, 568 (1980) ("Under the doctrine of respondeat superior an employer can be held vicariously liable for the negligent acts of his employees while they are acting within the scope of their employment."). However, for jurisdictional reasons plaintiff's state law negligence claim is contingent on the viability of his federal claim. *See* 28 U.S.C. § 1367 (federal district court has supplemental jurisdiction over state law claims only where the civil action also provides a basis for original jurisdiction).

afforded the opportunity to conduct discovery that will help him identify and substitute the proper defendant.

As to the substance of his allegations, unlike in plaintiff's initial complaint, he has now included an allegation that one of his doctors at New Lisbon *knew* that Flowers had a problem with his kidney yet still put him back on an ibuprofen prescription at some point. He has therefore come closer to providing adequate detail to state an Eighth Amendment deliberate indifference claim and a negligence claim.  Nevertheless, the court encourages plaintiff, if he chooses to take this second opportunity to amend his complaint, to provide more detailed allegations regarding the history of his medical treatment.  If he does, the court will promptly screen it as required under § 1915.  Again, he should explain:  (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events.  Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff Cornelius Flowers' amended complaint is DISMISSED without prejudice for failure to identify a proper defendant.

2) Plaintiff may have until **November 30, 2021**, to submit an amended complaint that identifies a suitable person or entity for purposes of 42 U.S.C. § 1983. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.

Entered this 9th day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge