IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CORNELIUS FLOWERS,

          Plaintiff,                      OPINION AND ORDER

v.

                                           18-cv-1045-wmc

GLEN HEINZL.

          Defendants.

*Pro* se plaintiff Cornelius Flowers alleges that he was injured through the actions of Dr. Glen Heinzl, who was a physician at New Lisbon Correctional Institute. Specifically, he alleges that Dr. Heinzl prescribed him ibuprofen despite knowing that it would injure his kidneys. Now before the court is defendant's motion for summary judgment, on the grounds that Flowers failed to exhaust his administrative remedies. (Dkt. #31.) Since Flowers admits that he did not file a complaint regarding Dr. Heinzl's prescription, and he has not shown any basis to excuse his failure to exhaust, the court must grant defendant's motion.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time,

the prison administrative rules require." *Pozo,* 286 F.3d at 1025; *see also Burrell v. Powers,* 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo,* 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, meaning the defendant bears the burden of proof. *Davis v. Mason,* 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, therefore, defendant must show that (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and (2) he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a complaint with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Among other requirements, a complaint must contain only one, clearly identified issue, as well as sufficient information for the department to investigate and decide the complaint. § 310.07(5)-(6). Moreover, ICE may reject a complaint for specified reasons, § 310.10(6), and the prisoner may appeal the rejection to the appropriate reviewing authority within 10 days. § 310.10(10). If ICE accepts the complaint, then a recommendation is made to the reviewing authority, who in turn renders a decision. §§ 310.10(12), 310.11. If that decision is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days, unless good cause is shown for an untimely appeal. *Id.* § 310.12(1), (6). The CCE then makes a

2

recommendation to the DOC Secretary, who will take final action on the complaint. *Id*. § 310.13.

While Flowers failed to oppose defendant's motion for summary judgment by the established deadline, this court will consider his untimely opposition given that he is acting *pro se* and it does not change the outcome in this case.  Most importantly, Flowers *concedes* in his opposition that he did not file an Inmate Complaint, meaning the only issue is whether the exhaustion process was unavailable to him. *Ross v. Blake*, 578 U.S. 632, 136 S. Ct. 1850, 1858 (2016).  However, plaintiff does not even suggest that he was affirmatively prevented from filing a complaint or that his complaint was mishandled; instead, he claims to have been confused as to whether he had to file a complaint given that Dr. Heinzl had retired. (Pl.'s Opp'n. (dkt. #35) 1.)

"This circuit has taken a strict compliance approach to exhaustion," making it required even if a prisoner believes it is futile. *Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006) (*citing Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).  Moreover, the doctor's retirement would seem to have little bearing on Flowers' duty to exhaust.  Indeed, the point of Wis. Admin. Ch. 310 is to alert *the institution* to "errors and deficiencies in correctional policy or practice," as well as "provide the department an opportunity to resolve the issue before an inmate commences a civil action," *not* necessarily to confront an individual employee accused of misconduct in particular. Wis. Admin. Code DOC § 310.01(2).  Said another way, the grievance process is meant to identify and correct *institutional policies*, which can be achieved whether or not the offending employee still works at the institution.

Thus, whether Dr. Heinzl was retired is immaterial. Indeed, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" *Ross*, 578 U.S. at 639. Since the fact that Dr. Heinzl retired at some point does not excuse plaintiff Flowers' failure to file an inmate complaint and follow the statutory procedures for exhaustion, defendant has proven Flowers' failure to exhaust and his claim will be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). However, the court's dismissal may well function as "with prejudice," simply because Flowers likely cannot complete the exhaustion procedures now.

## ORDER

IT IS ORDERED that:

1) Defendant Glen Heinzl's motion for summary judgment (dkt. #31) is GRANTED.

2) Plaintiff's claims in this lawsuit are DISMISSED without prejudice and the clerk of court is directed to enter judgment and close this case.

Entered this 29th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge